{¶ 43} I respectfully dissent as to the majority's decision on Assignment of Error I addressing the validity of the judgment lien. In my view, the majority has arguably elevated form over substance by concluding the State failed to meet its burden of showing a perfected underlying lien. The record below shows a "judgment" was rendered against Roger Farley and in favor of the State of Ohio in the sum of $13,750.00, effective on the time stamped date of March 14, 2000.
 {¶ 44} The same "judgment entry" was obviously re-filed as evidenced by the hand-written notations on face of the document stating "filed 3/21/00 at 3:35 p.m." and the docket page number of "396" hand-written at the right bottom of the first page. As such, perfection of the lien occurred therein and there was substantial compliance with R.C. 2329.02
 {¶ 45} Further, because this Court previously held inStandard Hardware and Supply Co., supra, that "misindexing or even failure to index does not affect the validity of judgment lien . . ." the State's lien was valid. If there were any misdeeds below associated with the filing, misfiling of indexing of the lien against the Appellant, those actions did not affect the validity of the lien at issue here. Accordingly, I dissent.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this decision and Appellant and Appellee to split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Concurs in Judgment and Opinion.
McFarland, J.: Dissents with Dissenting Opinion.